IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARY LEE *et al*, | § | |
| | § | |
| *Plaintiffs*, | § | Civil Action No. 1:08-CV-719 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| TRICENTURY CORP. *et al*, | § | |
| | § | |
| *Defendants*. | § | |

## FINAL JUDGMENT AS TO TRICENTURY CORP.'S CROSS CLAIMS AGAINST CLIFFORD ROTH ONLY

During the January 6, 2012 Settlement Conference in this case, Defendants TriCentury Corp. and Clifford Roth presented an issue for the court's determination, namely whether the Final Judgment could, and should, be written to exclude the $300,000.00 judgment TriCentury is to receive from Mr. Roth on its cross-claims from any future bankruptcy proceeding filed by Mr. Roth. Both parties submitted the language of their proposed Final Judgments to the court.[1]

---

[1] Mr. Roth raised the issue of whether TriCentury's $300,000.00 judgment against him has priority over the criminal restitution judgment, whereby Mr. Roth is to pay Plaintiffs $2,70,802.40. On August 8, 2011, restitution was ordered in the criminal case pursuant to 18 U.S.C. § 3663A. *United States v. Roth*, 1:10-cr-118 (E.D. Tex.), Doc. # 48. Pursuant to 18 U.S.C. § 3613(c), an order of restitution made pursuant to Section 3663A is a lien in favor of the United States, treated as though it were a federal tax lien assessed under the Internal Revenue Code, which arises upon entry of judgment. Because lien priority for purposes of federal law is governed by the principle of "the first in time is the first in right," *United States By and Through Internal Revenue Serv. v. McDermott*, 507 U.S. 447, 449, 113 S. Ct. 1526, 1528 (1993), the criminal restitution order—which pre-dates the parties' civil settlement, reached in December 2011—has priority over TriCentury's $300,000.00 judgment against Mr. Roth.

1

Plaintiffs Mary Lee *et al* filed suit against Defendants TriCentury Corp. *et al* in connection with an alleged misappropriation of Plaintiffs' subscription funds. As part of this litigation, TriCentury asserted cross-claims against Mr. Roth.

On March 14, 2011, Mr. Roth pled guilty to one count of interstate transportation of funds by fraud, in violation of 18 U.S.C. § 2314, in connection with the misappropriation of Plaintiffs' subscription funds. *United States v. Roth*, 1:10-cr-118 (E.D. Tex.). As part of the Judgment in the criminal case, Mr. Roth is to pay restitution to Plaintiffs and other parties in the amount of $2,270,802.40.

All parties subsequently agreed to settle their claims and causes of action against each other in this civil case. Part of this settlement involved an agreement between TriCentury and Mr. Roth on TriCentury's cross-claims, that TriCentury would receive Three Hundred Thousand Dollars ($300,000.00) from Mr. Roth.

After careful consideration of the parties' proposals, the court now enters the following Final Judgment as to Cross-Claim Plaintiff TriCentury Corp.'s cross-claims against Cross-Claim Defendant Clifford Roth:

IT IS THEREFORE ORDERED that Cross-Claim Plaintiff TriCentury Corp. shall recover of and from Cross-Claim Defendant Clifford Roth judgment in the amount of Three Hundred Thousand Dollars ($300,000.00) plus post-judgment interest at the statutory rate of 0.17% per year from the date of this final judgment until paid.

IT IS FURTHER ORDERED that TriCentury shall have all writs of execution and other process necessary to enforce this judgment as allowed by law, after Mr. Roth's full and complete satisfaction of the August 9, 2011 criminal restitution judgment in *United States v. Roth*, 1:10-cr-110

(E.D. Tex.). To the extent that Mr. Roth would file any bankruptcy proceeding in the future pursuant to 11 U.S.C. § 523(a)(2), (4), or (19), or any similar proceeding, this Final Judgment is excepted from discharge in any such proceeding except as prohibited by law.

So **ORDERED** and **SIGNED** this **24** day of **February, 2012.**

_____
Ron Clark, United States District Judge